IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> GARY L. GILLOM (01), <br><br> Defendant. | Case No. 16-40059-01-DDC |

### MEMORANDUM AND ORDER

This case goes back to 2016, when defendant Gary Gillom pleaded guilty on two charges of interfering with commerce by means of robbery under 18 U.S.C. § 1951(a). Doc. 64 at 1. Consistent with the parties' binding plea agreement—one calling for a sentence between 60 and 97 months—the court sentenced Mr. Gillom to 90 months' custody, followed by three years of supervised release. *See* Doc. 64 at 5 (Presentence Investigation Report, describing plea agreement); Doc. 67 at 2, 3 (Judgment).

The case resurfaces now based on Mr. Gillom's recent filing. Doc. 111. It arrived after the defendant had completed his custody component and was still serving his term of supervised release. In that filing, Mr. Gillom asks either that his "detainer be[] dropped" or that he "be taken from this institution to stand trial." *Id.* at 2. As best the court can tell, this request flows from two recent events. *First*, in February 2024, our District's United States Probation Office asked the court to issue a warrant for Mr. Gillom's arrest because he allegedly had violated several of his supervision conditions. *See generally id.* (originally sealed pending arrest). Among the alleged violations, the Probation Office accused Mr. Gillom of committing a new criminal law violation and possessing a firearm or other dangerous weapon. *Id.* This accusation relied on charges filed in state court in Wyandotte County (Kansas) District Court Case No. WY-

2024-CR-000223.  *Id.* at 3–4.  On February 23, 2024, the court granted the Probation Office's request and issued a warrant, directing the United States Marshal to serve it on Mr. Gillom.  *Id.* at 5.

*Second*, it appears that Mr. Gillom was convicted in his state court case.[1]  While serving his 60-month state court sentence, Mr. Gillom apparently learned about a federal detainer lodged with the Kansas Department of Corrections as a result of the federal court warrant.  Mr. Gillom's assertions in his recent federal court filing support this inference.  Specifically, Mr. Gillom's filing cites his federal court case number and references a warrant issued by our court on February 23, 2024.  Doc. 111 at 2.  That's the date when this court authorized a federal warrant to issue to Mr. Gillom based on his alleged violations of conditions of supervised release.  Doc. 109 at 5 (showing court's authorization of a federal warrant on February 23, 2024).  While the court can't know for sure, those events, in turn, appear to have led Mr. Gillom to prepare and file his demand that "either my detainer be[ ] dropped or that I may be taken from this institution to stand trial."  Doc. 111 at 2.

Giving Mr. Gillom's filing its broadest possible reading, one rationally could read it to invoke his rights under the Interstate Agreement on Detainers Act— abbreviated here as the "IADA."  The IADA "requires immediate transfer of a prisoner to another jurisdiction when there are detainers lodged on untried criminal charges[.]"  *United States v. Gomez-Diaz*, 415 F.

---

[1]  The Wyandotte County criminal court docket indicates that Mr. Gillom pleaded guilty to two charges—attempted aggravated battery and aggravated assault—on July 31, 2024.  *See* Case Summary available via Public Portal Access Criminal at 1 (available at https://prodportal.kscourts.gov/app/RegisterOfActions/#/9D0AC8E89BFD93582F980289992CD317D99 48E579A795A75E24AB21AC6DB0FCE64120D7F37A7B9AC0059C4B74485DE04DEF13E2AF2CD9 DD3AC0A5E61A4E8D4782FF17511D7F52A12D7C0F6904C23B782/auth/portalembed) (last visited April 8, 2025).  And it shows that Wyandotte County District Judge Aaron T. Roberts sentenced Mr. Gillom to 60 months on September 20, 2024.  *Id.*  Mr. Gillom's filing asserts that he was sentenced in February 2024 to serve 60 months in custody.  Doc. 111 at 1.  It also appears that this February date corresponds with the date Mr. Gillom allegedly committed the criminal offenses charged in the state court case, instead of the date of sentencing.  *See* Case Summary.

2

App'x. 890, 894–95 (10th Cir. 2011).  The Supreme Court has explained the IADA like this: "The Interstate Agreement on Detainers . . . is a compact among 48 States, the District of Columbia, Puerto Rico, the Virgin Islands, and the United States. The [IADA] was drafted in 1956 by the Council of State Governments and was adopted [by various states.]  The [IADA] is a congressionally sanctioned interstate compact within the Compact Clause, U.S.Const., Art. I, § 10, cl. 3, and thus is a federal law subject to federal construction." *Carchman v. Nash*, 473 U.S. 716, 719 (1985) (citing *Cuyler v. Adams*, 449 U.S. 433, 438–442 (1981)).  The State of Kansas is a party to IADA.  *Sweat v. Darr*, 684 P.2d 347, 350 (Kan. 1984) (citing Kan. Stat. Ann § 22-4401).

But any effort by Mr. Gillom to invoke rights available under the IADA is in vain.  Our Circuit has held that the IADA does not apply to detainers based on supervised release revocation proceedings.  *Gomez-Diaz*, 415 F. App'x at 894–95 (first citing *Carchman*, 473 U.S. at 725–28, then citing *United States v. Romero*, 511 F.3d 1281, 1284 (10th Cir. 2008)).  As *Gomez-Diaz* put it, "[T]he Interstate Agreement on Detainers Act . . . clearly does not apply to supervised release revocation detainers."  *Id.* at 894.  That's precisely the kind of detainer to which Mr. Gillom is subject because of the federal warrant.

In sum, to the extent Mr. Gillom meant for his filing (Doc. 111) to request relief under the IADA, the court denies such relief.

**IT IS SO ORDERED.**

**Dated this 23rd day of April, 2025, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**

3